IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David James Lamont Brice, | C/A No. 0:25-510-MGL-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden, Lee Correctional Institution, | |
| Respondent. | |

Petitioner David James Lamont Brice, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment. (ECF No. 19.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. (ECF No. 20.) Petitioner filed a response in opposition. (ECF No. 23.) Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion should be granted and the Petition be denied.

## BACKGROUND

In February 2017, Petitioner was indicted by the York County Grand Jury for first degree burglary. Petitioner was represented by three attorneys from the Sixteenth Circuit Public Defender's Office. On July 9, 2018, he pled guilty. (App. at 1-41, ECF No. 18-1 at 3-43.) Pursuant to a negotiated plea agreement providing for a sentencing range of fifteen to forty years' imprisonment, the court sentenced Petitioner to twenty-five years. (App. at 39-40, ECF No. 18-1 at 41-42.)

Petitioner did not appeal his sentence but did pursue post-conviction relief ("PCR"). Petitioner filed a *pro se* PCR application on February 4, 2019. (See App. at 59-67, ECF No. 18-1 at 61-69.) He was subsequently appointed counsel, who filed an amended application on August 14, 2019. (See ECF No. 28 at 1-2.)[1] Petitioner's applications alleged that his plea counsel provided ineffective assistance by: (1) failing to adequately investigate and prepare a defense; (2) failing to adequately explain the elements of first-degree burglary, which rendered Petitioner's plea involuntary; (3) erroneously informing Petitioner that he would be sentenced to fifteen years' imprisonment; (4) failing to inform Petitioner of his right to appeal his sentence; and (5) not providing Petitioner with a copy of the pretrial discovery. In addition, Petitioner alleged that he did not waive presentment of the indictment to the Grand Jury, thus rendering his plea void, and that he did not, in fact, admit his guilt during the plea colloquy.

On December 9, 2022, the PCR court conducted an evidentiary hearing, at which the court heard testimony from Petitioner and two of his attorneys. (App. at 76-121, ECF No. 18-1 at 78-123.) Petitioner was represented at the hearing by Michael H. Lifesey, Esquire. (See App. at 76, ECF No. 18-1 at 78.) On August 15, 2023, the PCR court dismissed Petitioner's application with prejudice. (App. at 124-46, ECF No. 18-1 at 126-48.)

Appellate Defender Sarah E. Shipe filed a Johnson petition for a writ of certiorari in the Supreme Court of South Carolina. The petition presented one issue:

> Whether the PCR court erred in finding defense counsel was not ineffective where petitioner was unaware that the intent to commit a crime was an element of first-degree burglary and at his guilty plea hearing petitioner denied he had the intention to commit a crime rendering petitioner's guilty plea unintelligently made.

---

[1] Petitioner's Amended PCR Application was originally omitted from the state court record. Respondent has corrected the error and the application is filed as a supplement to the Return at ECF No. 28.

(ECF No. 18-3 at 3.)   In addition, Petitioner filed a *pro se* petition asserting that his plea counsel provided ineffective assistance by failing to adequately investigate or explain Petitioner's charges and by failing to provide Petitioner with his pretrial discovery.  (ECF No. 18-5 at 1.)  Petitioner also argued that he did not admit to guilt during the plea colloquy and did not waive the presentation of his indictment.  (Id. at 2-3.)  Pursuant to South Carolina Appellate Court Rule 243(1), the matter was transferred to the South Carolina Court of Appeals, which denied certiorari on October 17, 2024.  (ECF Nos. 18-6, 18-7.)  The case was remitted to the lower court on November 7, 2024. (ECF No. 18-8.)  This federal habeas corpus action followed.

## FEDERAL HABEAS ISSUES

The Petition for a writ of habeas corpus raises the following issues, quoted verbatim:

**Ground One:** Ineffective assistance of counsel
**Supporting Facts:** I did not waive my indictment to the grand jury they switched indictment up on me in court

**Ground Two:** Ineffective assistance of counsel
**Supporting Facts:** I told the judge that I went into the house but I was not arm[ed] with a weapon.  I did not admit guilt

**Ground Three:** Ineffective assistance of counsel
**Supporting Facts:** I ask for a direct appeal an[d] my lawyer did not put in for one

**Ground Four:** Ineffective assistance of counsel
**Supporting Facts:** My lawyer never gave me my Rule 5 [discovery] to help me fight my case

(Pet., ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.      **Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 572 U.S. 415, 419 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 572 U.S. at 419-20 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.     **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented

to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d at 447-48; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

D.     **Respondent's Motion for Summary Judgment**

1.     **Procedural Default Analysis**

Respondent contends that Petitioner failed to properly exhaust his claims concerning the presentment of his indictment and his plea counsel's failure to file an appeal and that those issues are therefore not properly preserved for federal habeas review. (See ECF No. 18 at 14-16.) Petitioner responds that the court should reach the merits of his ineffective assistance of counsel claim because the issue was raised in the PCR application. (ECF No. 23 at 1.) And, regarding the indictment issue, Petitioner asserts that he did not know it was a problem until he was convicted. (Id. at 2.)

The court agrees with Respondent that Petitioner failed to preserve the issue underlying Ground Three—whether his plea counsel was ineffective for failing to file an appeal. The PCR court acknowledged that Petitioner raised this claim in his application. (See App. at 126, ECF No. 18-1 at 128.) However, the court did not address the merits of this claim, instead finding that Petitioner had not presented any testimony or evidence concerning plea counsel's alleged error and thus abandoned the allegation. (Id. at 145, ECF No. 18-1 at 147.) Moreover, this issue was not presented to the South Carolina Supreme Court or Court of Appeals in either the Johnson petition for writ of certiorari or Petitioner's *pro se* petition. (See generally ECF Nos. 18-3, 18-5.) Ground Three was therefore not properly presented to the state courts and is not preserved for federal habeas review.

The court disagrees, however, concerning Respondent's assertion of default as to Ground One. The substance of Ground One concerns whether Petitioner waived his right to have his indictment presented to a Grand Jury. The PCR court considered this claim on the merits (see App. at 141-43, ECF No. 18-1 at 143-45), and Petitioner raised the issue in his *pro se* petition for a writ of certiorari (see ECF No. 18-5 at 3). It has thus been properly exhausted and preserved for federal habeas review.

## 2.     **Merits of Preserved Claims**

Petitioner's three remaining grounds are presented as claims of ineffective assistance of plea counsel. A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for

resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's

actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Petitioner's petition. See Wilson v. Sellers, 138 S. Ct. 1188, 1194-97 (2018) (holding that a federal habeas court should "look through" the unexplained decision to the last related state court decision that provides a relevant rationale, and presume that the unexplained decision adopted the same reasoning, unless the State can rebut the presumption). Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

     a.     **Ground One—Presentment of Indictment**

As supporting facts for Ground One, Petitioner states, "I did not waive my indictment to the Grand Jury they switched indictment on me in court." (ECF No. 1 at 6.) A review of the plea transcript and PCR proceedings provides some clarity as to Petitioner's allegation. At the opening of Petitioner's plea hearing, the court discussed the indictment with Petitioner. The court explained that the indictment was for burglary in the first degree and confirmed that Petitioner was familiar with the charge and had discussed the indictment with his attorney. (App. at 5, ECF No.

18-1 at 7.) The court continued, explaining to Petitioner that the specific indictment before the court had not yet been presented to the Grand Jury. The court advised Petitioner as follows:

> You have a constitutional right to have the Grand Jury consider that charge before it comes to this court for either a trial or a plea. Now I cannot take up your case unless either the Grand Jury has acted upon the indictment, or you are willing to waive or give up that step in the proceedings and proceed to a hearing in this court.
>
> Now it appears to me that you have initialed the papers that I've received indicating that you do wish to give up presentment to the Grand Jury and proceed directly to this hearing; is that correct?

(App. at 5-6, ECF No. 18-1 at 7-8.) Petitioner confirmed that he had signed the waiver, had discussed the issue with his attorney, and understood that he was giving up a constitutional right. (App. at 6, ECF No. 18-1 at 8.)

At the PCR hearing, plea counsel explained that the original indictment was lost the day of the plea hearing. (App. at 96, ECF No. 18-1 at 98.) So, to enter a plea, Petitioner could do so on a copy of the indictment or could sign a waiver of presentment. (Id.) Plea counsel decided that the safest course was to have Petitioner execute a waiver. (Id.) The facts formed the basis of three allegations before the PCR court. First, Petitioner asserted in his *pro se* application that he did not waive presentment to the Grand Jury and that his attorney told him that he had already been indicted by the Grand Jury. (See App at 67, ECF No. 18-1 at 69.) Second, Petitioner's counseled amended application alleged that plea counsel's failure to object to or move to quash the defective indictment constituted ineffective assistance of counsel. (See ECF No. 28 at 2.) And third, at the PCR hearing, Petitioner's PCR counsel purported to add an "issue[] related to the waiver or non-waiver of the grand jury indictment." (App. at 80, ECF No. 18-1 at 82.)

The PCR court construed Petitioner's claim as simply "issues related to the waiver or non-waiver of the Grand Jury indictment" and found that Petitioner "freely and voluntarily waived presentment to the Grand Jury." (App. at 141, ECF No. 18-1 at 144.) In support, the court

summarized testimony at the PCR evidentiary hearing from both Petitioner and plea counsel and then quoted directly from the plea transcript. (App. at 141-43, ECF No. 18-1 at 144-45.) The court concluded that,

> [a]lthough [Petitioner] testified he did not know he was pleading guilty to a new indictment, the credible testimony of Counsel Smith and the record of the guilty plea hearing refute this allegation. Counsel Smith credibly testified he discussed the new indictment with [Petitioner] prior to his guilty plea. During the guilty plea hearing, the Court engaged in a thorough colloquy with [Petitioner] explaining his Constitutional right to have a Grand Jury consider the charge before pleading guilty. [Petitioner] asserted he understood and ha[d] discussed this with his attorney. Thus, this Court finds [Petitioner] freely and voluntarily waived presentment to a grand jury on the charge of first-degree burglary.

(App. at 143, ECF No. 18-1 at 145.)

In his federal habeas petition, Petitioner does not allege any specific legal or factual error in the PCR court's consideration of this claim, as would be required to grant habeas corpus relief. The court has independently reviewed the record and finds that the PCR court's determination is based on a reasonable determination of the facts and a reasonable application of Strickland and Hill.[2] The PCR court accurately described the relevant testimony and found that plea counsel's testimony was credible and Petitioner's was not. This court "must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' " Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010)); Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to

---

[2] To the extent Ground One raises an independent challenge to the sufficiency of the indictment, that claim, as presented in the Petition, is not a cognizable basis for habeas corpus relief. See Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985) ("Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process.").

overturn a state court's credibility judgments, the state court's error must be stark and clear."); see also Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.").

Here, the PCR court's credibility finding is supported by Petitioner's own sworn testimony during his plea colloquy that his counsel discussed the situation with him and explained the new indictment and that Petitioner understood and voluntarily signed a waiver of presentment. A defendant's statements at the guilty plea hearing are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). And unsupported allegations on appeal or in a collateral proceeding are insufficient to overcome representations made during the guilty plea hearing. See Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981) (holding that statements at a plea hearing that facially demonstrate a plea's validity are conclusive absent a compelling reason why they should not be, such as ineffective assistance of counsel).

Applying Strickland, the PCR court reasonably found that Petitioner failed to show any deficiency where the evidence undercut Petitioner's allegation that his waiver was not voluntary and thus plea counsel had no basis for objection or a motion to quash the indictment. See Lavernia v. Lynaugh, 845 F.2d 493 (5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions."). Insofar as the review of claims of ineffective assistance of counsel raised by persons who pleaded guilty is concerned, the United States Supreme Court has stated:

> Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial . . . . The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance. . . .

Premo v. Moore, 562 U.S. 115, 132 (2011). The court finds that Petitioner has not met that "most substantial burden" and recommends granting Respondent's motion for summary judgment as to Ground One.[3]

        **b.     Ground Two—Admission of Guilt**

In Ground Two, Petitioner alleges, "I told the judge that I went into the house but I was not arm[ed] with a weapon. I did not admit guilt." (ECF No. 1 at 9.) Petitioner's PCR counsel raised this issue at the evidentiary hearing as an allegation that plea counsel failed to inform Petitioner that intent to commit a crime was an element of first-degree burglary and that Petitioner did not actually admit guilt during the colloquy. The PCR court considered both interpretations of Petitioner's allegations on the merits, finding that plea counsel "did inform [Petitioner] of all the elements of first-degree burglary" and that Petitioner "admitted guilt during the plea colloquy." (App. at 136, ECF No. 18-1 at 138.) Again, Petitioner does not identify a specific legal or factual error in the PCR court's decision as to this claim. The court has independently reviewed the record and concludes that Petitioner has failed to show that the PCR court's analysis unreasonably applied Strickland or Hill or was based on an unreasonable interpretation of the facts.

During the plea colloquy, the court explained the elements of first-degree burglary, asked Petitioner if he was aware of those elements, and also asked if plea counsel had discussed the

---

[3] Although neither party specifically addresses this issue, it bears mentioning. Petitioner has raised his mental health and consequent lack of understanding of his pre-trial and plea proceedings on several occasions. A lack of understanding could certainly impact the voluntariness of a waiver. However, as part of pre-trial preparations, Petitioner underwent two forensic psychological evaluations. Those evaluations found that, despite a history of psychiatric disorders, Petitioner was competent to stand trial and could understand the proceedings and assist his attorney in his defense. (See App. at 42-58, ECF No. 18-1 at 44-60.) Based on those evaluations and personal observations of Petitioner during the hearing, the court found that Petitioner was "competent to handle the hearing" and "aware of the possible penalties," and that he had "agreed with the negotiations that [had] gone on," "had the advice of counsel," and was "satisfied with that legal advice." (App. at 25-26, ECF No. 18-1 at 27-28.)

elements with Petitioner. (App. at 21, ECF No. 18-1 at 23.) Petitioner responded that yes, he was aware of the elements and counsel had discussed them. (Id.) Then, the solicitor recited the facts of Petitioner's crime. According to the solicitor, the victim, who was Petitioner's ex-girlfriend, informed law enforcement that Petitioner had broken a window of her home the previous night, entered the house, threatened her with a knife, and damaged her personal property. (App. at 22, ECF No. 18-1 at 24.) The solicitor informed the court that Petitioner later admitted to law enforcement that he had entered the home and "gotten into an altercation with the victim." (App. at 23, ECF No. 18-1 at 25.) Upon questioning by the court, Petitioner agreed with the facts as stated by the solicitor, except that Petitioner insisted that he did not have a knife. (App. at 23-24, ECF No. 18-1 at 25-26.) Plea counsel clarified that, while Petitioner maintained that he did not have a knife, the defense conceded that the entry was made in the nighttime, that "there was damage done in the residence," and that the evidence would "overwhelmingly prove" the elements of burglary in the first degree. (App. at 25, ECF No. 18-1 at 27.) The court found the elements satisfied and accepted the plea. (App. at 25-26, ECF No. 18-1 at 27-28.)

On this issue, the PCR court found that Petitioner "was properly informed of the elements of first-degree burglary, including the intent to commit a crime element." (App. at 139, ECF No. 18-1 at 141.) The court went on to find that,

> [a]lthough Applicant testified he would not have pleaded guilty had he known the intent to commit a crime was a necessary element of first degree burglary, the credible testimony of Counsel Smith, the plea waiver form, and Applicant's own testimony during the guilty plea hearing refute this allegation. . . . Counsel Smith credibly testified he informed Applicant of all the elements of first-degree burglary prior to the guilty plea. The Court thoroughly explained the elements of first-degree burglary to Applicant *prior* to the entry of the guilty plea. Upon inquiry by the Court, Applicant stated he was aware of the elements of first-degree burglary and his attorneys ha[d] discussed the elements with him. Counsel Smith credibly testified that he believed Applicant would be found guilty of first-degree burglary if he proceeded to trial. Counsel Smith credibly testified he informed Applicant a jury would probably not believe he had a right to be in the apartment after throwing

> a brick through the window. Counsel Smith was not ineffective in advising Applicant that a jury would likely find him guilty of first-degree burglary, because "the jury was free to disbelieve defendant's version of events and find that he intended to commit a crime based on his actions in forcibly breaking and entering at night."

(App. at 139-40, ECF No. 18-1 at 141-42) (citation omitted). The PCR court therefore found plea counsel was not deficient in advising Petitioner of the elements of first-degree burglary. (App. at 140, ECF No. 18-1 at 142.) Petitioner has failed to show that the PCR court's analysis was based on an unreasonable reading of the record before it and Petitioner has not offered evidence—let alone clear and convincing evidence—to overcome the PCR court's credibility findings. See Merzbacher v. Shearin, 706 F.3d 356, 367 (4th Cir. 2013) ("Credibility determinations are factual determinations. As such, a decision based on a credibility determination 'will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings.' ") (quoting Miller-El, 537 U.S. at 340); Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be especially deferential to the state court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is stark and clear.").

The PCR court went one step further and found that Petitioner did in fact admit guilt at the plea hearing. (App. at 140-41, ECF No. 18-1 at 142-43.) The court applied the facts admitted to by Petitioner to South Carolina's statutory definition of first-degree burglary and concluded that Petitioner had admitted to the elements, even if Petitioner did not have a weapon. (App. at 140-41, ECF No. 18-1 at 142-43.) To the extent Petitioner is challenging this finding, the court will not endeavor to second-guess a state court's determination of a purely state law question. See Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) ("It is beyond the mandate of federal habeas courts [ ] to correct the interpretation by state courts of a state's own laws."); Wilson v. Corcoran,

562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States.") (citations omitted).

Accordingly, Petitioner has not shown that the PCR court's determination unreasonably applied Supreme Court precedent or was based on an unreasonable interpretation of the facts. The court therefore recommends granting Respondent's motion for summary judgment as to Ground Two.

   c.  **Ground Four—Pretrial Discovery**

In Ground Four, Petitioner alleges his plea counsel provided ineffective assistance because he failed to provide Petitioner with a copy of the pretrial discovery. (ECF No. 1 at 12.) The PCR court addressed this claim as part of Petitioner's broader claim that plea counsel failed to investigate and deprived Petitioner of the opportunity to review the State's evidence and assist in the preparation of his defense. (See App. at 130-36, ECF No. 18-1 at 130-38.) The PCR court found that plea counsel was not deficient in this regard because he reviewed the discovery with Petitioner "and allowed [Petitioner] the opportunity to assist in his own defense." (App. at 130, ECF No. 18-1 at 132.) The court found "credible and persuasive the testimony of Counsel, who presented well-recollected testimony of the conversations he had with [Petitioner], including properly informing [Petitioner] of all aspects of his case." (App. at 130, ECF No. 18-1 at 132.)

Petitioner appears to now admit that plea counsel met with him and discussed the pretrial discovery. (See ECF No. 23 at 1-2.) However, Petitioner claims that counsel should have provided

him with his own copy of the discovery. (Id.) That was not the claim presented to the state courts and is therefore not preserved for federal habeas review.

Regarding the claim actually presented to the state courts, Petitioner fails to identify a specific error in the PCR court's decision. In addition to finding that Petitioner failed to show that plea counsel was deficient, the PCR court found that Petitioner "ha[d] presented no evidence or testimony indicating how any alleged deficiency affected his decision to plead guilty," and therefore failed to show any prejudice stemming from the alleged deficiency. (App. at 135-36, ECF No. 18-1 at 137-38.) The court's reasoning comports with controlling Supreme Court precedent and the record before the PCR court. See Hill, 474 U.S. at 59 (explaining that, in the context of a guilty plea, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial"); Merzbacher, 706 F.3d at 367 (finding a Petitioner's "self-serving assertion that he would have accepted the plea" is "the type of testimony . . . subject to heavy skepticism" and not enough to "show that the state court was objectively unreasonable in finding that" his testimony was "entitled to no credence").

As Petitioner has not offered evidence or argument to overcome the double deference owed the PCR court's decision, nor is any apparent from the record, the court recommends granting Respondent's motion for summary judgment as to Ground Four.

## RECOMMENDATION

For the foregoing reasons, the court recommends Respondent's motion for summary judgment (ECF No. 19) be granted and the Petition be denied.

October 1, 2025
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).